# United States Navy–Marine Corps
# Court of Criminal Appeals

**UNITED STATES**

*Appellee*

v.

**Kevin D. NORRIS**
**Quartermaster Second Class (E-5)**
**U. S. Navy**

*Appellant*

NMCCA No. 201900289

**Special Panel 3**

**ORDER**

*Remanding Case for*
*New Post-Trial Processing*

Upon consideration of the record of trial, submitted without assignment of error, the Court determined that the convening authority's [CA] action failed to defer automatic forfeiture of pay and allowances[1] as required by the plea agreement. The Court further determined that the military judge failed to address the convening authority's obligation to defer automatic forfeiture of pay and allowances in the Statement of Trial Results [STR] and the Entry of Judgment [EOJ].

The plea agreement provided as follows, "[t]his agreement constitutes my request for, and the convening authority's approval of deferment of automatic forfeitures of pay and allowances from the date automatic forfeitures would otherwise become effective under Article 58b, UCMJ, until entry of judgment."[2]

The post-trial process regarding this plea agreement provision foundered at all four stages of review. First, the military judge failed to note the CA's deferment obligation in the STR.[3] *See* Rule for Courts-Martial [R.C.M.] 1101(a)(4) (STR shall specify plea agreement's punishment limitations). Second, the staff judge advocate erroneously advised the convening authority that Appellant had not made a request for deferment of automatic forfei-

---

[1] A general court-martial consisting of a military judge sitting alone sentenced Appellant to reduction to E-1, confinement for 6 months, and a bad-conduct discharge. Such a sentence results in the automatic forfeiture of all pay and allowances due Appellant during his period of confinement. Article 58b, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 858b.

[2] Appellate Exhibit I, paragraph 10c.

[3] STR, section E, paragraph 24.

tures.[4] Third, the CA declined to act, stating only, "I take no action."[5] *See* R.C.M. 1103(d)(2) (CA's action on deferment request shall be included in the record); Manual of the Judge Advocate General § 0153d(5) (CA's action will indicate if automatic forfeitures were deferred). Finally, the military judge failed to address the deferment of automatic forfeitures in the EOJ.[6] *See* R.C.M. 1111(b)(3)(A) (EOJ shall specify any deferment request and CA's action thereon).

We have written frequently to urge scrupulous attention to detail throughout all stages of the post-trial process. This case requires us to reiterate that urging.

Accordingly, it is, by the Court, this 30th day of April 2020,

**ORDERED:**

1. That the Statement of Trial Results is **SET ASIDE**.

2. That the Convening Authority's Action is **SET ASIDE**.

3. That the Entry of Judgment is **SET ASIDE**.

4. That the record of trial is returned to the Judge Advocate General for remand to the Navy-Marine Corps Chief Trial Judge to detail a military judge to reaccomplish the Statement of Trial Results in compliance with R.C.M. 1101. Next, the record will be forwarded to the convening authority to reaccomplish the Convening Authority's Action in compliance with R.C.M. 1110. Thereafter the record will be forwarded to the military judge to reaccomplish the Entry of Judgment in accordance with R.C.M. 1111. Finally, the record will be returned to this Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA (51.3); 45; 46; 02

---

[4] Post-Trial Action, section A, paragraph 14.

[5] Post-Trial Action, section B, paragraph 28.

[6] Post-Trial Action, section C (EOJ), paragraph 35.